**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CURTIS ELLIOTT, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-710 |
| ABSOLUTE CAREGIVERS, LLC, | ) | |
| Defendant. | ) | |

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Curtis Elliott ("Elliott"), individually and on behalf of all others similarly situated, by and through his attorneys Hicks Swanson, hereby brings this Collective Action Complaint against Defendant Absolute Caregivers, LLC ("Absolute Caregivers"), and states as follows:

**INTRODUCTION**

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Elliott individually and on behalf of all similarly situated persons employed by Defendant Absolute Caregivers, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

2. Absolute Caregivers provides caregiver services for its clients' basic needs, including assistance with clients' daily living activities and needs as well as nursing and hospice-type services.

3. Elliott and the members of the putative collective are or were employed by Absolute Caregivers as caregivers.

4. Absolute Caregivers failed to pay Elliott and other non-exempt employees at a rate of not less than one and one-half times their regular rates of pay for hours they worked in excess of forty (40) hours in a workweek.

5. Elliott seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of himself and the proposed FLSA collective, defined as: All current and former caregivers who were non-exempt under the Fair Labor Standards Act who worked for Absolute Caregivers at any time within the three (3) years preceding the commencement of this action and the date of judgment.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Elliott's FLSA claim of pursuant to 28 U.S.C. § 1331 because his claims raise a federal question under 29 U.S.C. § 201, et seq.

7. This Court has personal jurisdiction over Absolute Caregivers because it has a principal place of business in Indiana and conducts business in this District.

8. Venue is proper in this District pursuant to 28 U.S.C § 1391 because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

9. Plaintiff Elliott is a resident of Indiana.

10. Elliott signed a consent form to join this lawsuit. See Exhibit 1.

11. Absolute Caregivers is a caregiver services provider operating in Indiana in this District. It has a principal office address of 4555 Northwestern Dr, 1B, Zionsville, IN, 46077.

12. Absolute Caregivers' listed registered agent is Marina Nazarov, 1258 Sullivans Ridge, Zionsville, IN 46077.

## FACTUAL ALLEGATIONS

13. Absolute Caregivers employed Elliott to serve as a caregiver for one of its clients and provide assistance with the client's daily living activities and needs.

14. Elliott's caregiving duties included, but were not limited to, assisting with dressing, running errands, and providing general caregiving support.

15. Absolute Caregivers paid Elliott on a hourly basis.

16. Absolute Caregivers scheduled Elliott to work more than forty (40) hours in his regular workweeks.

17. At all relevant times, Absolute Caregivers has employed other employees to work as caregivers for other clients.

18. The employees who work or worked for Absolute Caregivers as caregivers perform the same or substantially the same duties for other clients that Elliott performed for the client he was assisting.

19. Absolute Caregivers classified Elliott as an independent contractor.

20. Despite this classification, Elliott did not operate an independent caregiving business and did not work as an independent contractor when he worked for Absolute Caregivers.

21. The duties that Elliott performed for Absolute Caregivers were that of an employer-employee relationship.

22. Absolute Caregivers knowingly suffered and permitted non-exempt employees including Elliott to work more than forty (40) hours in the regular workweeks.

23. Absolute Caregivers did not pay Elliott and similarly situated employees overtime compensation at a rate of one and one-half (1.5) times his regular hourly rates for hours they worked in excess of forty (40) in their regular workweeks.

24. At all relevant times, Absolute Caregivers controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of caregivers including Elliott.

25. Absolute Caregivers has policies that require work for which non-exempt employees are not properly paid overtime.

26. The work that Elliott and other similarly situated employees performed for Absolute Caregivers is compensable under the FLSA because it was required by and benefited Defendant, and because it was integral and indispensable to employees' work duties.

27. In weeks during the last three (3) years, Absolute Caregivers failed to pay Elliott and other similarly situated employees overtime at one and one-half (1.5) times their regular rates of pay even though these employees worked in excess of forty (40) hours during their regular workweeks.

28. Absolute Caregivers knew and/or recklessly disregarded that Elliott and other similarly situated employees were not being paid overtime at one and one-half (1.5) times their regular rates of pay even though these employees worked in excess of forty (40) hours during their regular workweeks and were non-exempt.

## COLLECTIVE ACTION ALLEGATIONS

29. Elliott brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually on his own behalf and on behalf of the proposed FLSA Collective, defined as:

> All current and former caregivers who were non-exempt under the Fair Labor Standards Act who worked for Absolute Caregivers any time within the three (3) years preceding the commencement of this action and the date of judgment.

Elliott reserves the right to amend this definition as necessary.

30. Excluded from the proposed Collective are Defendant's exempt executives, administrative, and professional employees, including computer professionals and outside salespeople.

31. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Elliott. The proposed Collective of employees on behalf of whom Elliott brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b)

they were or are subject to the same or similar unlawful practices, policies, or plans; and (c) their claims are based upon the same factual and legal theories.

32. The employment relationships between Defendant and every Collective member are the same and differ only in name, assignment, and rate of pay. In addition to these common issues of fact, the proposed Collective possesses several common issues of fact and law, including, but not limited to: (1) whether Defendant violated the FLSA and provisions thereof; and (2) if so, what is the respective amount of uncompensated overtime pay and other recoverable damages owed to each employee.

**COUNT I-**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq.**
**BY ABSOLUTE CAREGIVERS–**
**FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207**

**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**

33. All preceding paragraphs are incorporated herein by reference.

34. At all times relevant to this action, Absolute Caregivers was an enterprise with annual gross volume of sales made or business done that exceeded $500,000.

35. At all times relevant to this action, Absolute Caregivers was an enterprise with employees engaged in commerce.

36. Absolute Caregivers and the proposed FLSA Collective members were themselves engaged in commerce, and thus subject to individual coverage under the FLSA.

37. Elliott's caregiving services were provided in connection with Medicaid waiver programs, which involve federal funding and interstate commerce.

38. At all times relevant to this action, Absolute Caregivers has been an employer of Elliott and all other similarly situated employees under 29 U.S.C. § 203(d) of the FLSA that is subject to the provisions of 29 U.S.C. §§ 201, et seq.

39. At all times relevant to this action, Absolute Caregivers "suffered or permitted" Elliott and other similarly situated employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

40. Absolute Caregivers misclassified Elliott as an independent contractor despite Elliott performing duties consistent with an employer-employee relationship and integral to Defendant's business operations.

41. Elliott and other similarly situated employees regularly worked for Absolute Caregivers in excess of forty (40) hours in a workweek.

42. At all times relevant to this action, Absolute Caregivers suffered and permitted Elliott and other similarly situated employees to work for Absolute Caregivers in excess of forty (40) hours in many workweeks but failed to pay these employees the federally mandated overtime compensation for such time.

43. The uncompensated overtime work performed by Elliott and members of the proposed Collective was an essential part of their jobs and these activities, and the time employees spent performing these activities is not *de minimis.*

44. In workweeks where Elliott and other members and other similarly situated employees worked in excess of forty (40) hours, they should have been paid at the federally mandated rate of one and one-half (1.5) times each employee's regular hourly wage. 29 U.S.C. § 207.

45. Absolute Caregivers' violations of the FLSA were knowing, willful, and not in good faith. Defendant knew that Elliott and similarly situated employees were entitled to receive overtime pay at the federally mandated rate of one and one-half (1.5) times each employee's regularly hourly wage when they worked excess of forty (40) hours in a workweek or, alternatively, acted with reckless disregard in not properly paying that overtime to said employees.

46. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Elliott seeks the following relief:

A. Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claim and proposed FLSA Collective set forth herein;

B. An Order requiring Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective members and permitting Elliott to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

C. Designation of Elliott as representative for the FLSA Collective and the undersigned as counsel for the FLSA Collective;

D. Declaration that the Defendant violated the FLSA;

E. Declaration that the Defendant's violations of the FLSA were willful;

F. Judgment in favor of Elliott and the FLSA Collective and an award to Elliott and the FLSA Collective of the full amount of damages and liquidated damages available by law;

G. Litigation costs, expenses, and attorney's fees;

H. An incentive award to Elliott for serving as the representatives of the FLSA Collective; and

I. All other relief the Court deems just and proper.

**JURY DEMAND**

Elliott, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Respectfully submitted,

**HICKS SWANSON**

/s/ Robert A. Hicks
Robert A. Hicks, Attorney No. 25310-49
429 N. Pennsylvania Street, Suite 402
Indianapolis, IN 46204-1800
Phone: (317)741-4835
Email: rhicks@maceylaw.com

Attorney for Plaintiff Curtis Elliott